OPINION
Buckeye Terminix Co., Inc. (Buckeye) appeals from a judgment for $3,000, interest, and costs rendered against it and in favor of Andrea Smith in the Small Claims Division of the Champaign County Municipal Court.
Buckeye advances three assignments of error:
 "1. THE LOWER COURT ERRED TO THE PREJUDICE OF DEFENDANT BUCKEYE IN FAILING TO TRANSFER THE CASE TO THE COURT OF COMMON PLEAS AS REQUESTED.
 "2. THE LOWER COURT ERRED TO THE PREJUDICE OF DEFENDANT BUCKEYE IN CONDUCTING A HEARING WHEN SERVICE OF PROCESS HAD NOT BEEN EFFECTUATED ON EACH DEFENDANT.
 "3. THE LOWER COURT ERRED TO THE PREJUDICE OF DEFENDANT BUCKEYE IN RENDERING A DECISION ON THE MERITS WITHOUT MAKING A RECORD FOR APPELLATE REVIEW, OR UPON WHICH DEFENDANT BUCKEYE COULD CHALLENGE PLAINTIFF'S CASE."
A chronology of the proceedings in the trial court will be helpful in discussing the assignments.
Smith filed her small claims complaint September 12, 2001. She identified the defendants as "Buckeye Terminix Co., Inc. (Lynn Carroll) 
John Breen." Her statement of claim, which sought $3,000, interest, and costs stated:
 "Buckeye Terminex Co., Inc. was hired by my husband I to treat our home for insects. They sent out Lynn Carroll to do the job. When the job was finished I was shocked to find my home furnishings property was heavily damaged."
On September 25, the following notice was sent to "Buckeye Terminex Lynn Carroll" and to "Buckeye Terminex John Breen" at the address stated in the notice:
 "ANDREA SMITH 7766 CROWL RD. DEGRAFF, OHIO 43318 PLAINTIFF(S) VS. BUCKEYE TERMINEX LYNN CARROLL 2121 RIVERSIDE DR. COLUMBUS, OHIO 43221 BUCKEYE TERMINEX JOHN BREEN 2121 RIVERSIDE DR. COLUMBUS, OHIO 43221 DEFENDANT(S)
 STATEMENT OF CLAIM THAT PLAINTIFF HIRED DEFENDANT TO PERFORM SERVICE AND IN THE PROCESS CAUSED DAMAGED TO PERSONAL PROPERTY OF THE PLAINTIFF.
 "Wherefore plaintiff prays judgment against Defendant in the sum of $3,000.00, Plus interest from 02-21-00 at the rate of 10.00%.
 "The court will hold initial hearing/trial on this claim at The Champaign County Municipal Court, 205 S. MAIN STREET, URBANA, OHIO 43078 on WEDNESDAY, 10-10-01 AT 2:00 P.M.
 "If you do not appear at the initial hearing/trial, judgment may be entered against you by default, and your earnings may be subjected to garnishment or your property may be attached to satisfy said judgment. IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE PLAINTIFF, YOU MUST FILE A COUNTERCLAIM WITH THE COURT AND MUST SERVE THE PLAINTIFF AND ALL OTHER PARTIES WITH A COPY OF THE COUNTERCLAIM AT LEAST SEVEN DAYS PRIOR TO THE DATE OF THE TRIAL OF THE PLAINTIFF'S CLAIM."
These notices were received by and signed for by "D. Finelli" September 27.
On October 4, Buckeye filed a motion to transfer to court of common pleas which stated in its entirety:
 "Defendant, Buckeye Terminix Co., Inc., respectfully moves the Court for an order transferring the within matter from the small claims docket to the court of common pleas, Champaign County, Ohio, at which time defendant reserves the right to file the appropriate answer denying all allegations and a counterclaim against the plaintiff."
On October 12, the municipal judge filed a "journal entry and hearing notice" overruling the motion to transfer because "(n)o reason was given for why any transfer should take place" and scheduling a small claims hearing for November 7, 2001 at 2:00 P.M. Copies of the journal entry and hearing notice were sent to Smith at her DeGraff address and to "Buckeye Terminex Lynn Carroll," "Buckeye Terminex John Breen" and John E. Breen, counsel for Buckeye Terminex Co., Inc., all at 2121 Riverside Drive, Columbus.
On November 21, the trial court filed the following judgment entry:
 "ANDREA SMITH VS. Case No. 01CVI00200 BUCKEYE TERMINEX BUCKEYE TERMINEX JUDGE FORNOF-LIPPENCOTT
"This cause came on for hearing on 11-07-01. Upon consideration, the Court finds the defendant has been duly served with summons. The Court further finds that the defendant failed to appear and answer; plaintiff presented evidence at hearing and that the averments of plaintiff's petition are true and that plaintiff ought to recover from defendant(s) on the action set forth in plaintiff's petition in the amount of $3,000.00, plus interest from 10.00%, and the costs of this action.
"It is therefore the recommendation that Judgment be granted for the Plaintiff against Defendant in the sum of Three-thousand Dollars ($3,000.00) plus interest at 10.00. Costs currently assessed to Defendant in the amount of 70.00.
MAGISTRATE CATHY J. WEITHMAN
 "THE COURT ADOPTS THE RECOMMENDATION OF THE MAGISTRATE. JUDGMENT TO THE PLAINTIFF IN THE AMOUNT OF THREE-THOUSAND DOLLARS ($3,000.00) PLUS INTEREST AT 10.00. COSTS CURRENTLY ASSESSED TO DEFENDANT ARE IN THE AMOUNT OF $70.00.
JUDGE SUSAN J. FORNOF-LIPPENCOTT"
Notice of appeal was filed December 17.
Under its first assignment, Buckeye claims error in the trial court's refusal to transfer this matter to the common pleas court. Essentially, Buckeye claims the trial court denied it the procedural devices available in conventional litigation.
Buckeye has provided us with no authority in support of this assignment. Indeed, in the absence of a demand for relief in excess of the monetary jurisdiction of the municipal court — see R.C. 1901.17, .19(E) — which is not the situation here, we perceive no basis for transfer to the common pleas court.
R.C. 1925.10 does provide for transfer of a small claim to the regular docket of the municipal court where certain conditions exist, so that Buckeye might have availed itself of the procedural devices of conventional litigation. R.C. 1925.10 provides:
 "(A) A civil action that is duly entered on the docket of the small claims division shall be transferred to the regular docket of the court upon the motion of the court made at any stage of the civil action or by the filing of a counterclaim or cross-claim for more than three thousand dollars.
 "(B) In the discretion of the court, a case duly entered on the docket of the small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim, counterclaim, or cross-claim is instituted or upon the motion of a third-party defendant. A motion filed under this division shall be accompanied by an affidavit stating that a good defense to the claim exists, setting forth the grounds of the defense, and setting forth the compliance of the party or third-party defendant with any terms fixed by the court. The failure to file a motion under this division to transfer a case to the regular docket of the court constitutes a waiver by the party or third-party defendant of any right to a trial by jury."
Buckeye having taken none of the steps necessary to accomplish a transfer under R.C. 1925.10, and having furnished neither the trial court nor this court with a basis for transfer to the common pleas court, we overrule the first assignment.
In its second assignment, Buckeye claims error in the trial court's conducting a hearing when all defendants had not been served.
The record in this case demonstrates that at least Buckeye was served because it entered an appearance by filing a motion to transfer to the common pleas court. The magistrate's recommendation and the trial court's judgment refer to a single defendant. While it is true that Buckeye and Lynn Carroll were both ordered to appear for a debtor's examination, we interpret the judgment in the case as running only against Buckeye Terminex Co., Inc. Buckeye entered an appearance and was notified of the November 7 hearing. Any uncertainty as to service upon Lynn Carroll or John Breen was not prejudicial as to Buckeye, the only appellant in this court.
The second assignment is overruled.
Under the third assignment, Buckeye complains of the failure of the trial court to record the small claims hearing. Buckeye claims it has been deprived of the opportunity to demonstrate the frivolous nature of Smith's case against it.
Buckeye points to no authority requiring all small claims hearings to be recorded and we have found none. Crim.R. 22 provides that in serious offense cases all proceedings shall be recorded and that in petty offense cases, all proceedings shall be recorded "if requested by any party." We have found no comparable rule in the Ohio Rules of Civil Procedure. The implication of Crim.R. 22 is that a party must request the recording of proceedings in petty offense cases, and the silence of the civil rules suggests that a party must request that proceedings in a civil case be recorded. Indeed, this is made clear in R.C. 2301.20, pertaining to common pleas courts and, of course, subject to Crim.R. 22:
 "Upon the trial of a civil or criminal action in the court of common pleas, if either party to the action or his attorney requests the services of a shorthand reporter, the trial judge shall grant the request, or may order a full report of the testimony or other proceedings."
While it may be customary for some courts to record all proceedings, the law does not require that they do so.
Here, Buckeye had entered an appearance and had been notified that its motion for transfer had been overruled and further notified of the date and time of the small claims hearing. It failed to appear and thus failed to assure the recording of the proceedings. Buckeye has only itself to blame for the lack of record and we have no basis for not indulging the presumption that the proceedings before the trial court were regular and in accordance with the law.
Furthermore, while Sup.R. 11(A) provides that proceedings before a court may be recorded in various ways and App.R. 9(A) requires an appellant to file a transcript of that record prepared by a "reporter" appointed by the court to transcribe it, neither rule requires the court to make a record from which the transcript may be prepared. Indeed, App.R. 9(B) implies as much when it goes on to state: "If there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized." Those rules permit a statement prepared by the appellant or both parties and approved by the court to serve in lieu of a transcript when no report of the evidence was made. However, an appellant who fails to appear and participate in the proceeding, as Buckeye did, effectively waives that alternative.
The third assignment is overruled.
The judgment against Buckeye Terminix Co., Inc. will be affirmed.
FAIN, J. and GRADY, J., concur.